Saul S. Streit, J.
Petitioners, Diesel and Dextone, seek to stay an arbitration demanded by respondent, Haskel, as to disputes arising out of contracts dated September 28, 1960, and January 9,1962. Petitioners contend that the September agreement contains no arbitration clause and further, that it was superseded by the January agreement. They ask that the proposed arbitration be stayed- insofar as it relates to the September contract.
The September agreement ivas a subcontract between Dextone, a subcontractor of Diesel and Haskel. Diesel was not a party to the agreement. The agreement contains no provision for *1092 arbitration of disputes arising between Dextone and Haskel. Paragraphs 1 and 8, it is true, make the provisions of the contract between Diesel and Dextone part of the agreement between Dextone and Haskel insofar as the provisions of that contract “are not in conflict with the provisions of this agreement.” Respondent urges that the arbitration clause of the contract between Diesel and Dextone thus became part of the September agreement. The difficulty with this contention is that the arbitration clause in the Diesel-Dextone contract is expressly limited to disputes between Diesel, the general contractor, and Dextone, the subcontractor. Incorporation of the provisions of the DieselDextone contract in the September agreement between Dextone and Haskel did not have the effect of transforming the arbitration clause into one for arbitration of disputes between Haskel and Dextone. In the court’s opinion, the September agreement does not contain a provision for arbitration of disputes between the parties thereto.
The January contract, to which Diesel is also a party, does contain an arbitration clause. Petitioners maintain that this contract superseded the September agreement and that, for this reason, no arbitration of disputes arising under the September agreement may be properly demanded. There is, however, no provision in the January contract which purports to supersede or extinguish the earlier agreement. Haskel does not release or discharge Dextone of its obligations under the September agreement. The last “ Whereas ” clause of the January contract recites that the parties hereto “wish to amend” (emphasis supplied) the September agreement, thus confirming that the January agreement was not intended to be extinguished.
However, although the January contract merely amended and did not extinguish the September agreement, it does not follow that Haskel may demand arbitration of disputes arising under the September agreement. The arbitration clause in the January contract is expressly limited to “ any controversy or claim arising out of or relating to this contract” (emphasis supplied). It could have provided for arbitration of disputes arising under both contracts but did not do so. Haskel is accordingly entitled to arbitrate only such disputes as arise out of or relate to the January contract, or its breach. It may be that the proper determination of such disputes will require the arbitrators to refer to provisions of the September agreement and the drawings and specifications referred to therein. This does not mean, however, that Haskel is entitled to arbitration of disputes arising out of or relating to the September agreement *1093 which do not arise out of or relate to the provisions of the January contract.
The motion is granted to the extent of limiting the proposed arbitration to controverises and claims arising out of or relating to the January contract, and staying the arbitration to the extent that it may involve other controversies and claims.